# EXHIBIT A

Filed
D.C. Superior Court
06/03/2016 09:5EM
Clerk of the Court



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

SCOTT CHRISTOPHER BILLUPS
                                            Plaintiff

vs.                                                    Case Number   2016 CA 002493 B

LABORATORY CORPORATION OF AMERICA
                                            Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Shannon L. Beebe
Name of Plaintiff's Attorney

4830 31st St. S, Suite B                           By _____
Address                                                              Deputy Clerk
Arlington, VA 22206

(202) 449-8527                                        Date  **06/03/2016**
Telephone

*Clerk of the Court*

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요         የትርጉም እርዳታ ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

Filed
D.C. Superior Court
04/05/2016 16:43PM
Clerk of the Court

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

SCOTT CHRISTOPHER BILLUPS   Case Number:  __2016 CA 002493 B__

vs.                          Date:  __April 4, 2016__

LABORATORY CORPORATION OF AMERICA   ☐ One of the defendants is being sued
                                      in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*   Shannon L. Beebe | Relationship to Lawsuit |
| Firm Name: The Spiggle Law Firm | ☒ ; Attorney for Plaintiff |
| Telephone No.:              Six digit Unified Bar No.:<br>(202) 449-8527          1009731 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury        ☐ 6 Person Jury        ☒ 12 Person Jury
Demand: $ 1,500,000 _____              Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☒ 01 Breach of Contract        ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty        ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☐ 13 Employment Discrimination ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees         Under $25,000 Pltf. Grants Consent          Under $25,000 Consent Denied
                               ☐ 28 Motion to Confirm Arbitration
                                  Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile              ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion              ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process         ☐ 10 Invasion of Privacy          ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection  ☐ 11 Libel and Slander                 Not Malpractice)
☐ 03 Assault and Battery      ☐ 12 Malicious Interference        ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution      ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 14 Malpractice Legal           ☐ 20 Friendly Suit
☐ 06 False Accusation         ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest             ☐ 16 Negligence- (Not Automobile,  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                         Not Malpractice)               ☐ 23 Tobacco
                                                                 ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10  Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D.  REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

April 4, 2016

_____

**Attorney's Signature**

_____

**Date**

## THE CIVIL COURT OF THE DISTRICT OF COLUMBIA-CIVIL DIVISION

| | |
|---|---|
| SCOTT CHRISTOPHER BILLUPS<br>1307 S. HIGHLAND STREET<br>ARLINGTON, VIRGINIA 22204<br><br>    *Plaintiff,*<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA<br>531 SOUTH SPRING STREET<br>BURLINGTON, NC 27215<br><br>    *Defendant.* | **2016 CA 002493 B**<br><br><br>**Jury Trial Requested** |

## COMPLAINT

Plaintiff, by and through counsel, brings this action against Defendant Laboratory Corporation of America, and alleges as follows:

### PARTIES

1.    Plaintiff, Scott Christopher Billups ("Plaintiff") is an individual residing at 1307 South Highland Street, Arlington, Virginia 22204.

2.    Defendant Laboratory Corporation of America ("LabCorp" or "Defendant") is a corporation providing diagnostic testing and services, with laboratories throughout the United States, and with its principal office located at 531 South Spring Street, Burlington, North Carolina 27215.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction and venue pursuant to the District of Columbia Code Annotated §11-921. The acts giving rise to the matters alleged in the Complaint took place in the District of Columbia and elsewhere.

## FACTS

4.      In January 2007, Plaintiff began employment with LabCorp as a Key Account Executive ("KAE").

5.      Upon beginning employment with Defendant, Plaintiff's duties included sales and service of existing accounts for Defendant.

6.      Plaintiff's assigned sales territories included locations in Washington, DC.

7.      In 2009, Plaintiff secured a sales account with George Washington Medical Faculty Association ("GW").

8.      Initially, when Plaintiff secured the sales account with GW, it resulted in approximately $5,000 in monthly revenue to LabCorp.

9.      Over eight (8) years, Plaintiff expanded the GW account into numerous other accounts through GW affiliate clinics and providers.

10.      The GW accounts, including the GW affiliate clinics and providers, resulted in annual revenue of more than $1.5 million to LabCorp.

11.      From 2007 to 2009, LabCorp's Washington, D.C. Territory, and the Atlantic Division as a whole rapidly expanded under the skills and expertise of Plaintiff.

2

12.    By 2009, the territories assigned to Plaintiff were some of LabCorp's most profitable in the United States.

13.    In 2009, LabCorp recognized Plaintiff's outstanding performance by promoting him to Senior Marketing Executive ("SME").

14.    In the role of SME, Plaintiff continued to expand the LabCorp D.C. portfolio and also continued to secure new clients.

15.    When promoted to the role of SME, Plaintiff was to report directly to Betsy Lewis, Regional Business Manager for the Mid-Atlantic Region.

**LabCorp's compensation plan**

16.    As an SME, Plaintiff was subject to the provisions of the Senior Marketing Executive Traditional Incentive Compensation Plan (the "Plan"), which outlined his compensation, including the commissions that he was to receive pursuant to his employment at LabCorp.

17.    The Plan required Plaintiff to meet 95% of the amount of his rolling six-month baseline sales total, an amount calculated by summing total sales from the previous six (6) months, dividing that number by the total number of billing days, and then multiplying that total by the number of billing days in the month in question.

18.    In early 2011, Plaintiff and Ms. Lewis worked closely with the GW Executive Leadership team ("GW Leadership") to make LabCorp the primary laboratory for the entire GW system, which would mean that GW would direct all laboratory work to LabCorp.

19.     Between 2011-2013, LabCorp's exclusive deal with GW grew to include approximately twenty (20) GW-affiliated heath care offices located in Maryland.

20.     By the end of 2011, the GW account provided approximately $20 million in annual sales for LabCorp.

21.     Pursuant to the Plan, the revenue from GW to LabCorp should have resulted in $350,000 to $500,000 in annual commissions for the SME leading the GW account.

22.     By the end of 2011, Plaintiff was the sole SME on the GW sales account because he had independently secured the account for LabCorp.

**LabCorp's informal management-based commission policy**

23.     LabCorp maintains a unique code identifier, similar to a zip code, for each State or region.

24.     Prior to 2013, LabCorp did not provide any written or formal policy dictating commission structure in the situation where a KAE or SME landed an account outside his or her assigned territory.

25.     Until 2013, like his peers, Plaintiff continued to use his D.C.-based code for the products and services he was selling in Maryland-based GW affiliate offices, since he was directly managing those accounts.

**Betsy Lewis alters the commission policy based on geography**

26.     In or about July 2011, Ms. Lewis informed Plaintiff that she was revising the commission structure on the GW account.

27.     Ms. Lewis made the unilateral decision to initiate and enforce this revision.

28.     Ms. Lewis stated that from now on, if a KAE or SME lands an account in a State or region outside his assigned territory, that individual is permitted to receive quota credit for all later sales on the account.

29.     However, once the individual has completed set-up and established the account, he must apply the location code of the territory in which the sales are made to all products and services sold there.

30.     The revisions Ms. Lewis instituted thus allowed Plaintiff to continue to receive credit for sales dollars, which would accrue to his sales quota, because he attended weekly meetings with GW Executive Leadership and had been actively managing the accounts until that point.

31.     However, Ms. Lewis stated that she wanted to "even things out" for the commissions from sales made in GW-affiliated offices located in Maryland; and she would therefore transfer those commissions from Plaintiff to two Maryland-based LabCorp SMEs, Connie Penalosa and Tracy Fuhr.

32.     Ms. Penalosa and Ms. Fuhr both managed territory in Maryland, and after Ms. Fuhr left employment with LabCorp, Ms. Penalosa received the full commission from Maryland sales related to the GW account.

33.     Pursuant to the Plan, LabCorp reserves the right to "alter, change, redefine, reduce, or expand the geographic area" of an SME.

34.     The Plan does not permit a LabCorp Business Manager to arbitrarily choose individual accounts to transfer from one SME to another.

**Plaintiff loses commissions due to Ms. Lewis's new policy**

35.     In the years following 2011, LabCorp's D.C. territory did not produce the same number of new accounts as it had previously.

36.     Plaintiff's sales portfolio did continue to grow, but most new sales were due to growth within existing accounts rather than from the addition of new accounts.

37.     In spite of the lack of new sales accounts, Plaintiff maintained his sales performance, and never went below his 95% baseline more than twice, i.e. in two months, between 2009 and 2015.

38.     Regardless of his continued strong sales performances, Plaintiff's commission-based income was drastically decreased because of the transfer of the Maryland-based GW affiliate commissions from Plaintiff to Ms. Penalosa.

39.     For a year or more after Ms. Lewis transferred these commissions from Mr. Billups to Ms. Penalosa, Mr. Billups was required to continue actively managing the accounts, while Ms. Penalosa engaged with the accounts only through menial servicing tasks such as providing requisition forms.

**Ms. Lewis ignores her own policy, again to Plaintiff's detriment**

40.     Washington Oncology ("WO") is a LabCorp client that was headquartered in Maryland and maintained several offices in D.C.

41.     Ms. Penalosa had set up the D.C.-based WO accounts sometime prior to 2011.

42.     From 2011, in contrast to Ms. Penalosa's inactive role on the Maryland-based GW affiliate accounts from which she drew commission, Plaintiff fully managed and serviced the D.C.-based WO accounts as part of his sales portfolio.

43.     In the summer of 2013, Ms. Lewis instructed Plaintiff that because Ms. Penalosa was "able to close the account at headquarters" and otherwise manage the contract at renewal, that Plaintiff should not service the W.O. accounts in D.C., and therefore would no longer receive commissions on those accounts.

44.     Although Ms. Lewis had previously denied Plaintiff of his Maryland-based commissions as a result of her impromptu policy change to strict geographical commissions, she then reverted back to the account management-based commission policy Plaintiff had correctly followed prior to 2011, and denied Plaintiff of his D.C.-based commissions on the W.O.

45.     Plaintiff later learned that Ms. Lewis and Ms. Penalosa had been using Maryland codes for D.C.-based W.O. account sales for some time prior to Ms. Lewis's announced policy reversion.

46.     Starting in the summer of 2013, all sales and commissions from the WO account accrued to Ms. Penalosa's benefit.

47.     Ms. Penalosa continues to receive commissions from Maryland-based sales from the lucrative GW account that Ms. Lewis unilaterally transferred from Plaintiff to Ms. Penalosa's portfolio.

48.     Plaintiff was denied and continues to be denied the receipt of sales credit and commission from D.C. sales on the W.O. account.

## COUNT I-BREACH OF CONTRACT

49.     Plaintiff re-alleges every allegation contained in this Complaint as if set forth fully herein.

50.     The Plan is a valid contract between Plaintiff and LabCorp.

51.     Pursuant to the plain terms of the Plan, Plaintiff is entitled to receive sales commissions from revenue obtained from Maryland-based sales from the GW account.

52.     The Plan does not require the commissions on an account to be "evened out" among SMEs.

53.     As a result of the transfer of commissions due to Plaintiff but transferred to other LabCorp employees for sales in GW-affiliated offices located in Maryland, Plaintiff has incurred monetary damages in the form of loss income.

## PRAYER FOR RELIEF

Plaintiff Scott C. Billups respectfully requests that this Court enter a judgment for Plaintiff against Defendant LabCorp and prays for the following relief:

1.     Compensatory damages to Plaintiff for LabCorp's breaches of contract in an amount to be determined at trial;

2.     Interest on compensatory damages in an amount to be determined at trial;

3.     Court costs and reasonable attorneys' fees;

4.     Any and all other relief deemed equitable, appropriate and just by this Court and jury.

8

## JURY DEMAND

Plaintiff Scott C. Billups demands a trial by jury.

Shannon L. Beebe
*Attorney for Plaintiff*
DC Bar # 1009731
The Spiggle Law Firm, PLLC
4830 31st Street South, Suite B
Arlington, Virginia 22206
(202) 449-8527 (telephone)
(202) 540-8018 (facsimile)
sbeebe@spigglelaw.com

9



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SCOTT CHRISTOPHER BILLUPS
   Vs.                                  C.A. No.     2016 CA 002493 B
LABORATORY CORPORATION OF AMERICA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MARISA J DEMEO
Date:  April 5, 2016
Initial Conference: 9:30 am, Friday, July 08, 2016
Location:  Courtroom A-50
         515 5th Street N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SCOTT BILLUPS** | * | |
| | * | |
| *Plaintiff* | * | |
| | * | **Case No.  2016 CA 002493 B** |
| *v.* | * | |
| | * | **Judge Marisa J. Demeo** |
| **LABCORP CORPORATION OF** | * | |
| **AMERICA** | * | |
| | * | |
| *Defendant* | * | |

---

### ORDER

Upon consideration of Plaintiff's Motion for Extension of Time for Service, it is, this <u>1st</u> day of July, 2016,

      **ORDERED** that the Motion is **GRANTED**; and it is further

      **ORDERED** that Plaintiff has up to and including July 8, 2016 to serve Defendant.

      **IT IS SO ORDERED.**

*Marisa J. Demeo*

_____

JUDGE DEMEO
*(Signed in Chambers)*


**Copy to:**

Shannon Beebe, Esq.
*Via CaseFileXpress*

1